# In the United States Court of Appeals for the Eighth Circuit

Minnesota Telecom Alliance,

    *Petitioners*,

v.

Federal Communications Commission and the United States of America,

    *Respondents*.

Case No. 24-1179

## Unopposed Motion of Media Alliance and Great Public Schools Now to Intervene in Support of Respondents

Pursuant to 28 USC § 2348 and Federal Rule of Appellate Procedure 15(d), Media Alliance and Great Public Schools Now (GPSN) ("Movants") respectfully move to intervene in support of Respondents in the above-captioned matter and with respect to the related petitions of Chamber of Commerce of the United States of America, Texas Association of Business, and Longview Chamber of Commerce, Nos. 24-60036 and 24-60048 (5th Cir.); Texas Cable Association and Texas Telephone Association, No. 24-60048 (5th Cir.); Ohio Telecom Association, No. 24-

01301 (8th Cir.); Ohio Cable Telecommunications Association, No. 24-01304 (8th Cir.); MCTA – The Missouri Internet & Television Association, No. 24-1183 (8th Cir.); Florida Internet & Television Association, No. 24-01309 (8th Cir.); and Broadband Association of Alabama and Mississippi, No. 24-01315 (8th Cir.) (collectively, the "Industry Petitioners"). We do not seek to intervene in *Benton Institute for Broadband & Society v. FCC, et al.*, No. 24-01317 (8th Cir.). Industry Petitioners seek review of the Final Order of the Federal Communications Commission ("FCC" or "Commission"), captioned *In the Matter of Implementing the Infrastructure Investment and Jobs Act: Prevention and Elimination of Digital Discrimination*, Report and Order, and Further Notice of Proposed Rulemaking, GN Docket No. 22-69, FCC 23-100 (released Nov. 20, 2023) (the "Order"). Movants also have filed a Petition for Review of the Order on separate grounds, as explained below. *See Media Alliance and Great Public Schools Now v. FCC, et al.*, No. 24-1319 (originally filed in the 9th Circuit, No. 24-544). The United States Judicial Panel on Multidistrict Litigation

has ordered the foregoing cases to be consolidated in the United States Court of Appeals for the Eighth Circuit.[1]

The Order implements Section 60506 of the Infrastructure Investment and Jobs Act, 47 U.S.C. § 1754, which required the FCC to adopt final rules to "facilitate equal access to broadband internet access service, taking into account the issues of technical and economic feasibility presented by that objective," and "preventing digital discrimination of access based on income level, race, ethnicity, color, religion, or national origin." 47 U.S.C. § 1754(b).

In their Petition for Review, Movants seek review of the Order because it is arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act, 5 U.S.C. §701 et seq., due to the Commission's neglect to sufficiently consider and adopt a formal complaint process for digital discrimination complaints. *See* Petition for Review, *Media Alliance and Great Public Schools Now v. FCC, et al.*, No. 24-1319, 5364627. The Industry Petitioners seek review on the grounds, *inter alia*, that the Order is in excess of the Commission's statutory authority, and

---

[1] The Petition for Review by Benton Institute for Broadband & Society, No. 24-01317 (8th Cir.), also will be consolidated with the other petitions.

they refer specifically to the Order's definition of "digital discrimination of access" to include "'[p]olicies or practices, not justified by genuine issues of technical or economic feasibility,' that result in disparate treatment or disparate impact." Petition for Review, 2, *Chamber of Commerce, et al. v. FCC, et al.*, No. 24-60048 (5th Cir.); *see* Petition for Review, 2, *Ohio Telecom Association v. FCC, et al.*, No. 24-3072 (6th Cir.); Petition for Review, 2, *Ohio Cable Telecommunications Association v. FCC, et al.*, No. 24-3074 (6th Cir.); Petition for Review, 2, *Minnesota Telecom Association v. FCC, et al.*, No. 24-1179 (8th Cir.); Petition for Review, 2, *MCTA – The Missouri Internet & Television Association v. FCC, et al.*, No. 24-1183 (8th Cir.); Petition for Review, 1, *Florida Internet & Television Association v. FCC, et al.*, No. 24-10291 (11th Cir.); Petition for Review, 2, *Broadband Association of Alabama and Mississippi v. FCC, et al.*, No. 24-10292 (11th Cir.). Movants seek to intervene in the Industry Petitioners' proceedings in defense of the Rule in that respect.

Movants have contacted all Petitioners and Respondents through their respective counsel. All parties have indicated that they do not oppose this motion. Movants have agreed with Industry Petitioners that that Movants' merits brief will be filed jointly with that of Petitioner

Benton Institute for Broadband & Society, No. 24-01317, should the Court grant Movants' Unopposed Motion to Intervene and permit such consolidated briefing.

## DISCUSSION

The Federal Communications Act provides that challenges to FCC orders "shall be brought as provided by and in the manner prescribed in [the Hobbs Act,] chapter 158 of Title 28." 47 U.S.C. § 402(a); *Alabama Power Co. v. F.C.C.*, 311 F.3d 1357, 1366 (11th Cir. 2002). As provided there, "Communities, associations, corporations, firms, and individuals, whose interests are affected by the order of the agency, may intervene in any proceeding to review the order". 28 U.S.C. § 2348. Federal Rule of Appellate Procedure 15(d) requires motions to intervene to be filed within 30 days after the filing of the petition for review and to contain a concise statement of the interest of the moving party and the grounds for intervention. Fed. R. App. P. 15(d).

This motion is timely because it was filed within 30 days of the date on which the petition for review was filed in the above-captioned case. *See* Fed. R. App. P. 15(d).

Movants are two nonprofit organizations whose interests are directly affected by the Order. Movant Media Alliance is a membership-based nonprofit organization of communications staff, media workers, and advocates. The organization focuses on issues related to race and class, including those that intersect with digital equity and broadband access. It conducts advocacy and provides resources for its members, many of whom lack access to quality, affordable broadband because of who they are and where they live. Movant Great Public Schools Now is a nonprofit organization dedicated to improving the educational opportunities for underserved students in the Los Angeles Unified School District. It focuses on digital equity and broadband access, among other things, and thousands of its students have endured educational disruption because of low-quality, high-priced internet or a lack of broadband access altogether.

Movants actively participated in the agency proceedings below, arguing in favor of a rule that would prohibit both disparate treatment and disparate impact discrimination in the provision of broadband service. *See Prevention and Elimination of Digital Discrimination in Broadband Internet Access*, 89 Fed. Reg. 4128 (May 16, 2022) (comments by Joint

Advocates, including Media Alliance and GPSN); Prevention and Elimination of Digital Discrimination in Broadband Internet Access, 89 Fed. Reg. 4128 (Feb. 21, 2023) (comments by Joint Advocates, including Media Alliance); Prevention and Elimination of Digital Discrimination in Broadband Internet Access, 89 Fed. Reg. 4128 (Apr. 20, 2023) (reply comments by Joint Advocates, including Media Alliance and GPSN). As Movants argued, such a rule is necessary to facilitate the equitable access to broadband services by the communities for which Movants advocate. In their comments to the FCC in the agency proceedings below, for example, Movants cited research showing that lower income communities in Los Angeles County must pay more money under worse terms to have the same service as their wealthier neighbors. Prevention and Elimination of Digital Discrimination in Broadband Internet Access, 89 Fed. Reg. 4128, 27 (Feb. 21, 2023) (comments by Joint Advocates, including Media Alliance. Further, because of the monopoly status of one internet service provider in Los Angeles County, those living in lower income communities there have no choice in provider, which, without a rule providing for equitable access to broadband, means no means to escape higher prices and worse contracts, except to not participate. *Id.*

The Order adopts rules facilitating equal access to broadband internet access service and prohibiting digital discrimination of access based on income level, race, ethnicity, color, religion, or national origin. If the Industry Petitioners are successful in their efforts to have the rules set aside, the communities for which Movants advocate—including disproportionately low-income communities and communities of color—will be left with inferior options with limited speeds and increasing prices. Such a result would harm Movants' interests in advancing equitable broadband access for their members and constituents, who, because of their race, ethnicity, color, income level, religion, or national origin, lack access to quality, affordable broadband. If the Order is set aside, Movants will, of necessity, be forced to expend resources in finding and advocating for adoption of other legal and policy mechanisms to ensure equitable access to broadband for the communities they serve. Resources would have to be dedicated, for example, to advocacy efforts for new rules or laws at the local, state, and federal levels to replace the FCC rules, and to research and education to advance those efforts.

Finally, Respondents cannot adequately represent Movants' interests. Movants have distinct interests from the FCC that are not

subsumed by the general public interest. *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1169 (8th Cir. 1995); *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 1000-01 (8th Cir. 1993). The Commission's interest is to satisfy its obligation under the Infrastructure Investment and Jobs Act to adopt final rules to facilitate equal access to broadband while taking into account the issues of technical and economic feasibility presented by that objective. 47 U.S.C. § 1754. The Commission by its nature as the government agency charged with this responsibility must weigh together the interests of industry and the proponents of equitable broadband access. Its interest in a middle road is exemplified by the Order's adoption of rules that prohibit digital discrimination but restrict avenues to raise complaints of such discrimination, a decision that Movants challenge through their Petition for Review and that, Movants will show, fails to pass muster under the Administrative Procedure Act. Movants' interests in advancing equitable broadband access for their members and constituents is not similarly circumspect and cannot be adequately represented by the Commission, even if Movants and the Commission will share the legal goal of defending those parts of the Order challenged by the Industry

Petitioners. *See Union Elec. Co.*, 64 F.3d at 1170 ( "[W]here [intervenors' and parties'] interests are disparate, even though directed at a common legal goal, . . . intervention is appropriate." (quoting *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308–09 (8th Cir. 1995)).

## CONCLUSION

For the foregoing reasons, Movants request that this Court grant their Unopposed Motion for Leave to Intervene in support of Respondents.

Dated: February 20, 2024      Respectfully submitted,

 /s/  Jon Greenbaum
Jon Greenbaum
Edward G. Caspar*
Alizeh Ahmad
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K. Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org
aahmad@lawyerscommittee.org
**Application for admission pending*

*Counsel for Movants*

## Disclosure Statement

Under Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.1(a), Media Alliance states that it is a nonprofit organization with no parent corporation, and that no publicly held corporation holds 10% or more of Media Alliance stock or other interest in the organization.

Under Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.1(a), Great Public Schools Now states that it is a nonprofit organization with no parent corporation, and that no publicly held corporation holds 10% or more of Great Public Schools Now stock or other interest in the organization.

Date: February 20, 2024    Respectfully submitted,

 /s/ Jon Greenbaum
Jon Greenbaum
*Counsel for Movants*

## Certificate of Compliance

      I certify that the foregoing Unopposed Motion to Intervene is compliant with Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Microsoft Word and is in a proportionally spaced typeface with 14-point Century Schoolbook font. I further certify that this Motion complies with Rule 27(d)(2) because it consists of 2033 words.

Date: February 20, 2024             Respectfully submitted,

                                                 <u>/s/ Jon Greenbaum</u>
                                                 Jon Greenbaum

# Certificate of Service

I certify that on this day, I electronically filed the foregoing Unopposed Motion to Intervene with the Clerk of the Court of the United States Court of Appeals for the Eighth Circuit, and that I did so using the Court's appellate CM/ECF system. I further certify that all case participants were served via CM/ECF.

Date: February 20, 2024

Respectfully submitted,

　/s/ Jon Greenbaum
Jon Greenbaum