

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS
U N D E R   L A W

1500 K Street, NW     Tel: 202.662.8600
Suite 900     Fax: 202.783.0857
Washington, DC 20005     www.lawyerscommittee.org

April 21, 2026

***Via ECF***

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, Missouri 63102

> *Re*:    <u>*Minnesota Telecom Alliance, et al. v. FCC, et. al*, No. 24-1179 (and consolidated cases)</u>

Dear Ms. Builder:

Public-Interest Intervenors write in response to Industry Petitioners' Rule 28(j) letter. The constitutional provision discussed in *Memphis Street Academy Charter School at J.P. Jones* v. *Philadelphia School District*, No. 25-2574, 2026 WL 934190 (3d Cir. Apr. 7, 2026), and Section 60506—a statutory provision authorizing FCC to issue rules "preventing" digital discrimination—are different on their face. *Memphis Street*, if instructive at all, supports upholding FCC's disparate-impact rules by highlighting the "results-oriented" language in Section 60506 that the Pennsylvania provision lacked.

In *Memphis Street*, the Third Circuit considered a Pennsylvania constitutional provision providing that "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the race or ethnicity of the individual." 2026 WL 934190, at *5 (citing Pa. Const. art. I, § 29). The plaintiffs argued it covered disparate impact "without citing legal authority or considering the text of the provision." *Id.*

That constitutional provision is nothing like Section 60506. Whereas the Pennsylvania provision starts and ends with that one clause, Section 60506 gives FCC broad authority to "adopt final rules to facilitate equal access to broadband internet access service." 47 U.S.C. § 1754(b). Unlike the Pennsylvania provision, Section 60506 includes the "results-oriented" language that are the hallmarks of disparate impact coverage, *see Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 535 (2015), including instructing FCC to "facilitate equal access," "take steps to ensure that all people of the United States benefit from equal access to broadband internet access service," and issue rules "*preventing* digital discrimination of access." 47 U.S.C. § 1754(a)(3), (b)(1) (emphasis added). And it explicitly states Congress's intent that consumers "benefit from equal access to broadband"—which Congress defined in terms of "equal opportunity." *Id.* § 1754(a)(2); *see also* Public-Interest Intervenors Br. 4-17; Resp. Br. 24-38.

Industry-Petitioners' recycled argument that the phrases "because of" and "based on" preclude disparate-impact coverage is also easily disposed of. The Supreme Court has already rejected it. *See Inclusive Communities*, 576 U.S. at 535.

The Lawyers' Committee was formed at the request of President John F. Kennedy in 1963

The Court should uphold the Order's anti-discrimination rules.

Respectfully submitted,

*/s/ Marc P. Epstein*
Marc P. Epstein

*Counsel for Public-Interest
Intervenors Media Alliance and
Great Public Schools Now*

*/s/ Andrew Jay Schwartzman*
Andrew Jay Schwartzman

*Counsel for Public-Interest
Intervenor Benton Institute for
Broadband & Society*

cc:     Counsel of Record (via ECF)